# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00477-CR

**Raul Saucedo-Zavala, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. C-1-CR-11-501628, THE HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Raul Saucedo-Zavala of the misdemeanor offense of assault. *See* Tex. Penal Code § 22.01(a)(1), (b). Upon appellant's election for the trial court to assess his punishment, the trial court sentenced appellant to 180 days in the county jail but suspended imposition of that sentence and placed appellant on community supervision for 18 months. *See* Tex. Code Crim. Proc. art. 42.12, § 3.

In a single point of error on appeal, appellant contends that he received ineffective assistance of counsel at trial. The State agrees—noting that appellant's trial counsel "seemed generally unprepared, often uninformed, unconcerned about his own costly mistakes, and generally showed a decided lack of judgment"—and joins in the prayer to reverse and remand for a new trial.[1]

---

[1] The State's letter brief also states that the prosecutor conferred with the judge who presided over appellant's trial and that the judge "has also come to the independent conclusion that trial counsel was ineffective."

We are mindful that our review of counsel's performance must be highly deferential, judged by the totality of his representation. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). However, our review of the record compels us to agree with the parties that appellant's trial counsel rendered ineffective assistance to appellant. Because the parties agree, we do not find it necessary to recite all the deficiencies of trial counsel's performance or the various ways those deficiencies, individually and cumulatively, prejudiced appellant. *See id.* at 687 (to succeed in claim of ineffective assistance of counsel appellant must show both deficient performance and prejudice to defense). Suffice it to say that counsel's ineffective assistance permeated the trial proceeding below, beginning with jury selection, continuing through the presentation of evidence, enduring through the punishment phase, and culminating at the hearing on the motion for new trial.[2]

---

[2] For example, during jury selection, other than generalized rhetorical questions, counsel asked no questions of the venire panel or individual jurors. He incorrectly identified appellant's offense as "assault with serious bodily injury" when appellant was charged only with assault causing bodily injury and, even after the State's objection, persisted in talking about "great bodily injury." He briefly referred to self-defense, suggesting it would be an issue in this case, but wholly failed to explain any aspect of the law of self-defense or ask questions relating to that issue. Finally, counsel failed to challenge for cause or peremptorily strike a biased juror who admitted that his decision in this case would be influenced by his past experience with family violence. This juror was ultimately seated on appellant's jury.

Throughout the trial, counsel repeatedly asked improper impeachment questions and numerous irrelevant questions (to the point that the trial judge eventually admonished counsel during the punishment phase to refrain from doing so). During the guilt-innocence phase, counsel failed to object to the introduction of evidence of appellant's drug use during the testimony of the victim and her daughter. Furthermore, counsel opened the door to evidence of extraneous conduct that appellant had tried to force the victim to perform oral sex on him.

At the outset of the punishment phase, counsel asserted his client's innocence even while acknowledging the jury's guilty verdict and asked the court about the possibility of a continuance to "bring one of those police officers back on the stand . . . [s]o we can clarify as to what he said." He continued to insist on appellant's innocence throughout the punishment hearing rather than address the issue of appropriate punishment. In fact, the trial court (the fact-finder assessing punishment) expressed concern about the fact that the entire punishment phase was dedicated to

2

Our review of the record compels us to conclude that appellant's conviction resulted from a breakdown in the adversarial process that rendered the result of his trial unreliable. *See id.* Accordingly, we reverse the trial court's judgment of conviction and remand for further proceedings consistent with this opinion.[3]

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Reversed and Remanded

Filed:  June 11, 2014

Do Not Publish

_____

disputing appellant's guilt, an issue already resolved by the jury.

Concerning his motion for new trial, we initially observe that the trial court conducted three separate hearings on the motion for new trial, two of them outside the 75-day period. Trial counsel not only did not object to continuing the hearing beyond the 75-day period, but filed documents related to the motion for new trial after the 75-day period had expired, apparently unaware that the motion for new trial had been overruled by operation of law. *See Parmer v. State*, 38 S.W.3d 661, 666–67 (Tex. App.—Austin 2000, pet. ref'd) (if motion for new trial has not been ruled on by written order within 75 days after imposition of sentence, motion is overruled by operation of law and trial court loses jurisdiction to rule on motion; hearing conducted after motion for new trial has been overruled by operation of law is not authorized); Tex. R. App. P. 21.8. The presentation of counsel's grounds for new trial demonstrate a lack of judgment and legitimate trial strategy. Counsel's arguments (and grounds) failed to articulate any basis for a new trial and were not only unsubstantiated but also extremely confusing, irrelevant, and absurd.

[3] We also grant the State's request to expedite the issuance of the mandate. *See* Tex. R. App. P. 18.1(c).